
FILED
OCT 15 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| ELI H. SIERS, | * | CIV 13-3010-RAL |
| | * | |
| Plaintiff, | * | |
| | * | ORDER DENYING |
| vs. | * | § 2255 MOTION |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

## I. Introduction

A grand jury charged Petitioner Eli Siers with assault with a dangerous weapon, child abuse, carrying a firearm during a crime of violence, and being a felon in possession of a firearm. United States v. Siers, 11-30131, Doc. 10. Siers entered into a plea agreement with the Government wherein he agreed to plead guilty to one count of assault with a dangerous weapon and the Government agreed to dismiss the remaining charges. This Court sentenced Siers to 84 months' imprisonment on March 26, 2012. On March 4, 2013, Siers filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. 1. Siers asserts that he is entitled to relief because he received ineffective assistance of counsel.

## II. Discussion

### A. Ineffective Assistance of Counsel

Under § 2255, a federal prisoner may seek relief from his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. Siers alleges that he received ineffective assistance because defense counsel advised him that he would receive thirty to forty

months' imprisonment if he pleaded guilty. Siers asserts that but for his attorney's alleged erroneous advice, he would not have pleaded guilty. To succeed on his ineffective assistance claim, Siers must show "both that counsel's performance was deficient and that the deficiency prejudiced" him. Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). An attorney's performance is "deficient" when the attorney makes errors "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, the record belies Siers's assertion that his attorney advised him that he would receive thirty to forty months' imprisonment for pleading guilty. Paragraph G of Siers's plea agreement provides:

> JOINT RECOMMENDATION: The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. Both parties agree that they will jointly recommend a prison term of 90 months (7 and 1/2 years) in custody. Neither party will argue for a prison sentence greater than nor lower than 90 months imprisonment. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

United States v. Siers, 11-30131, Doc. 46 at 4-5. Siers, defense counsel, and the Government all signed the plea agreement. Moreover, Siers stated under oath that he had read the plea agreement and had an opportunity to review it with his attorney and that no one had promised him that he would receive a particular sentence. Because defense counsel did not commit the error Siers alleged in his § 2255 motion, there is no basis for finding that defense counsel's performance was deficient.

**B. Evidentiary Hearing and Certificate of Appealability**

Section 2255(b) provides that: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." A § 2255 motion may be dismissed without a hearing if "the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Because the record conclusively demonstrates that Siers is not entitled to relief, this Court will not conduct an evidentiary hearing.

When, as here, the district court denies a § 2255 motion, the movant may not appeal without a certificate of appealability. See 28 U.S.C. § 2253. To obtain such a certificate of appealability, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" in these circumstances is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court finds that Siers has not made a substantial showing of the denial of a constitutional right and declines to issue a certificate of appealability.

**III. Conclusion**

Accordingly, it is hereby

ORDERED that Siers's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Doc. 1, is denied. It is further

ORDERED that a certificate of appealability will not issue on the claim raised in the § 2255 motion.

Dated October 15th, 2013

BY THE COURT:

*Roberto A. Lange* (signature)

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE